[S. F. No. 921.   Department One.—December 19, 1898.]

In the Matter of the Estate of WILBUR RALEY, an Insolvent Debtor.

Insolvency—Accounts of Assignee—Money not Received.—The assignee of an insolvent debtor cannot be properly charged with money which never came into his hands, if it does not appear that it was lost to the estate through his fraud or negligence.

Id.—Mistake in Bookkeeping.—A mistake made by such assignee in bookkeeping, in charging himself with the full amount of moneys collected by former assignees for the benefit of creditors, and crediting himself with moneys paid out by them for attorneys' fees, instead of charging himself only with the net amount of money received by him from them, does not render him liable for moneys not received. It is error to strike out the allowance for attorneys' fees, and still to charge the assignee of the insolvent with the full amount received by the former assignees, without any deduction.

Id.—Expenditures Incurred by Assignee.—The assignee of an insolvent debtor is to be credited, under section 32 of the insolvent act of 1895, with "all necessary expenses incurred by him in the care, management and settlement of the estate;" and it is incumbent on the assignee to support his right to be reimbursed for expenditures made, by a showing such as will bring them within the purview of that provision.

Id.—Allowance of Commissions—Quarterly Account—Preferred Demand.—The assignee of an insolvent debtor is entitled to the allowance of commissions on money accounted for in his quarterly account, as a preferred demand upon the fund in the hands of the assignee, to be satisfied before the funds are used to pay creditors, and only the surplus should be distributed pro rata among the creditors.

Id.—Itemization of Accounts—Power of Court—Reference.—The court has power to require the assignee to itemize his account;

and it may, in its discretion, refer the account to a referee for hearing and report.

APPEAL from an order of the Superior Court of Santa Clara county, settling the quarterly account of the assignee of an insolvent debtor. John Reynolds, Judge.

The facts are stated in the opinion of the court.

W. C. Kennedy, for Appellant.

C. D. Wright, for Respondents.

VAN FLEET, J.—Appeal by the assignee of the insolvent from an order settling his first quarterly account, and directing a dividend to the creditors.

1. Error is predicated of the action of the court below in disallowing a number of the items of the account. Among those disallowed were three charged by the assignee as having been paid out for attorneys fees—two hundred dollars to Jackson Hatch, twenty-five dollars to W. C. Kennedy, and fifty dollars to the Ratto Collection Agency. As to these items it appears that prior to going into insolvency Raley made an arrangement with Marcuse and Barbieri in the nature of an assignment for creditors, by which they were to take his property and out of the proceeds pay his debts. Under this arrangement certain outstanding accounts of Raley's came into the hands of Marcuse and Barbieri for collection, and in making such collection the latter incurred and paid out the above items for attorney's services. Thereafter, when Raley went into insolvency, Marcuse and Barbieri surrendered the money collected on these accounts, together with the accounts uncollected then in their hands, to the assignee, *less* the amount so expended by them for attorney's fees. In his account the assignee adopted the method of charging himself with the full face value of the accounts that had been assigned by Raley to Marcuse and Barbieri, and against this credited himself with the items thus expended by them. In settling the account the court not only struck out and disallowed these payments as not having been incurred or made by the assignee, but charged him with their sum as so much money remaining in his hands. This method of settling

the account was clearly erroneous, since the result was to charge the assignee with money which never came into his hands, and for which he was, under the evidence, in no way responsible. The only mistake on the part of the assignee was one of book-keeping. He should have charged himself only with the net amount of money and property actually received by him, instead of pursuing the course he did; but this mistake did not render him liable for something which he never received. Whether the expenditures were legally or properly made by Marcuse and Barbieri was a question not raised in the court below, so far as the record shows, and therefore is not involved. The assignee could not be charged with money which never came into his hands, except it appeared that it was lost to the estate through his fraud or culpable negligence—a fact which the evidence does not suggest.

Other items disallowed were one of seventy-six dollars and fifty cents for salary and expenses of a man employed to go about collecting outstanding accounts; and forty-one dollars and twenty-five cents for traveling expenses of the assignee (who lived in San Francisco) in going to and from San Jose, where the estate was in process of settlement, upon business of the estate. The evidence in the record with reference to these items is very meager and unsatisfactory, but what there is tends, without conflict, to show that the expenditures were incurred in good faith in and about the business of the estate. In view of the fact that the order must be reversed, it is sufficient to say generally with reference to these items that the Insolvent Act allows to the assignee "all necessary expenses in the care, management, and settlement of the estate." (Insolvent Act of 1895, sec. 32.) Upon another hearing it will be incumbent upon the assignee to support his right to be reimbursed for these expenditures by a showing such as will bring them within the purview of this provision of the act.

As to the item of loss on sale of melons, we cannot say, under the evidence presented, that it was improperly rejected.

2. We think it was error for the court, in making the order settling the account and declaring a dividend to the creditors, to refuse to make an allowance to the assignee of his commissions upon the amount of money accounted for. Section 32 of

the Insolvent Act allows receivers "to charge and receive for their services commissions upon all sums of money coming into their hands and accounted for by them," at certain rates therein specified. The evident contemplation of the statute is that this allowance shall be made, upon the settlement of each account presented, upon the amount of moneys accounted for in such account; and, as this charge is a preferred demand upon the funds in the hands of the assignee, it should be allowed and satisfied before the funds are used to pay creditors. In this respect the method of procedure differs from that in the settlement of estates of deceased persons, where the representative is usually not allowed his commissions until final settlement. Under this act the statute contemplates and requires that the assignee shall turn the property of the estate into money as speedily as may be, and that, whenever there is money in his hands, he may be required to file an account showing his receipts and disbursements up to that time, and the surplus moneys in his hands shall be prorated among the creditors.

3. It was clearly within the power of the court to require the assignee to more specifically itemize his account; and the action of the court in referring the account to a referee for hearing and report was as much within its discretion in this proceeding as in any other of like character. (Code Civ. Proc., secs. 638, 639.)

For the reasons above pointed out the order is reversed and cause remanded.

Garoutte, J., and Harrison, J., concurred.